UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

AMIN BUTLER,

               Plaintiff,                        **MEMORANDUM AND ORDER**

-against-                              12 CV 6137 (ARR)(SMG)

MEDICAL DOCTOR FRANTZ MEDARD;       NOT FOR ELECTRONIC
MEDICAL DOCTOR PARKS,                 OR PRINT PUBLICATION

               Defendants.
-----------------------------------------------------------X

ROSS, United States District Judge:

On December 11, 2012, plaintiff, incarcerated at Rikers Island, filed this *pro se* action

alleging the violation of his constitutional rights and seeking damages. By Order dated January

24, 2013, plaintiff's request to proceed *in forma pauperis* was granted pursuant to 28 U.S.C. §

1915, the complaint against defendants City of New York, Department of Corrections Rikers

Island, and NYC Correction Health Services was dismissed, and plaintiff's complaint against the

remaining defendants, Medard and Park, was permitted to proceed. On February 4, 2013,

plaintiff filed a notice of appeal that divested this Court of jurisdiction. By Mandate issued June

4, 2013, the United States Court of Appeals for the Second Circuit dismissed the appeal. On

April 5, 2013, plaintiff filed what he labels an amended complaint. However, that document

only lists new defendants; it makes no allegations against any of the defendants. For the reasons

set forth below, plaintiff is afforded thirty days to file a Second Amended Complaint.

**Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis*

action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim

1

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.1998) (internal citation omitted).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint, *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir.2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted).

The plausibility standard does not impose an across-the-board, heightened fact pleading standard. *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008). The plausibility standard does not "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief. As the *Iqbal* court explained, it "does not require detailed factual

allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

## Discussion

Plaintiff's Amended Complaint, which completely replaces his original complaint, *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.") (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994), states in its entirety:

> Above referenced complaint is amended to include the following named defendants:
>
> Amin Butler v. Chorizon Medical Services, all medical personnel & staff employed by Chorizon performing medical work & duties at Rikers Island, nic-dorms 1 & 2a, 1500 Hazen Street, East Elmhurst, NY 11370, building number 73, dorm 1 upper a side,15-15 Hazen Street, East Elmhurst, NY 11370. New York State Department of Health, Office of Professional Medical Conduct, Hedley Park Place, suite 303, 433 River Street, Troy, NY 12180-2299.

Amended Complaint. Pursuant to Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), plaintiff must plead "factual content that allows the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). Here, the nature of plaintiff's claim against the defendants is not stated. He merely lists defendants and their addresses.

## Leave to Amend

As currently stated, the Amended Complaint clearly has not satisfied the dictates of Rule 8. However, in light of plaintiff's *pro se* status, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), plaintiff is afforded thirty days to file a Second Amended Complaint. Should plaintiff file a Second Amended Complaint, he must satisfy the minimal filing requirements of Rule 8, providing defendants with notice of the claims against them and a short, plain statement of the

3

relevant facts supporting his claim or claims.  Plaintiff is advised that if he seeks to assert the

claims set forth in his original Complaint against the new defendants, then he must set forth

those claims in the Second Amended Complaint.   Plaintiff is advised that the Second Amended

will **completely replace** the prior complaints in the action.

**Conclusion**

Plaintiff shall be afforded thirty days leave to file a Second Amended Complaint.  No

summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff

to comply with this Order.

If plaintiff submits a Second Amended Complaint, he is directed to describe the acts of

misconduct alleged therein and identify each individual who participated in those acts.

Moreover, plaintiff is advised that his Second Amended Complaint must be a complete pleading

that will replace and supersede the original Complaint and the Amended Complaint in their

entirety.  Plaintiff's amended complaint must be captioned as "SECOND AMENDED

COMPLAINT" and bear the same docket number as this Order.

Further, all defendants must be named in the caption of the complaint.  If plaintiff does

not know the name of a defendant, he may refer to that person as John or Jane Doe, and give his

or her position, or other identifying information.  Plaintiff's statement of facts should include a

brief description of what each defendant did or failed to do, and how each of the defendant's acts

or failures to act caused plaintiff injury.

If plaintiff fails to comply with this Order within the time allowed, the action shall

proceed only as to defendants Medard and Parks.  Once submitted, the Second Amended

Complaint will be reviewed for compliance with this Order and for sufficiency under Rule 8 and

28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of

4

an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ ARR

Allyne R. Ross
United States District Judge

Dated: June 5, 2013
Brooklyn, New York

5

SERVICE LIST

<u>Pro Se Plaintiff</u>

**Amin Butler**
# 349-12-08021
George Motchan Detention Center
15-15 Hazen Street
East Elmhurst, NY 11370

6